UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODRIC P. STANLEY,<br>Plaintiff,<br>v.<br>HOLLANDBERRY, et al.,<br>Defendants. | Case No. 26-cv-07958-RFL<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND** |

Rodrick Stanley, a prisoner at West County Reentry Treatment Housing Facility, proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff has been granted leave to proceed *in forma pauperis*. The complaint is now before the Court for review pursuant to 28 U.S.C. § 1915A(a). The complaint is DISMISSED with leave to file an amended complaint on or before **October 26, 2026**. Failure to file an amended complaint correcting the deficiencies identified by October 26, 2026, or a failure to comply in every respect with the instructions given in this order, will result in the dismissal of this suit under Rule 41(b) for failure to prosecute.

**DISCUSSION**

**A. Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, a court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1),

(2). Pro se pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B. Background**

**1. Factual Allegations in This Case**

Plaintiff alleges as follows:

Since 2022 he has been prescribed the pain medication, Norco, for serious chronic injuries. (Dkt. No. 1 at 2.) Plaintiff's tolerance to the medication has increased over the years, so he would delay taking the medication to take more at once. (*Id*. at 3.) At times he would save up to 20 pills, crush them, and pour them into a soda. (*Id*. at 4.) Plaintiff was provided physical therapy in 2022, but when he moved to a Martinez Detention Facility the physical therapy was stopped by Defendant Dr. Hollandberry. (*Id*. at 3.) Dr. Hollandberry also discontinued his use of medical equipment such as a chair with back support. (*Id*.)

Plaintiff also states that for many years he was denied surgery and he is always intoxicated from the Norco. (*Id*.) Doctors at outside hospitals stated that Plaintiff needed surgery, but the surgery was never scheduled. (*Id*. at 4.) In 2026, Plaintiff was given Norco in

liquid form by Dr. Hollandberry, but it was less effective and made him tired. (*Id.*) Plaintiff objected to the liquid medication and refused to take it for three days, and his prescriptions were discontinued which led to severe withdrawal symptoms. (*Id.* at 5.)

Dr. Hollandberry spoke to Plaintiff twice at this time, but he never received medical care and was not provided any appointments. (*Id.*) Dr. Hollandberry also denied his request for a medical chair. (*Id.*) Plaintiff witnessed white inmates receive medical care and other supplies to stay healthy during this time from Dr. Hollandberry while his requests were denied. (*Id.*) Plaintiff seeks relief against the Contra Costa County pursuant to *Monell v. Dep't of Social Servs.*, 436 U.S. 658 (1978) and against Dr. Hollandberry for her individual actions. (*Id.* at 6-7.)

**2. Prior Federal Case**

Plaintiff filed a previous case in this Court alleging in part that in 2022 Dr. Hollandberry denied him medical equipment and medical care. *See Stanley v. Hollandberry*, Case No. 22-cv-9129 JD, Dkt. No. 25 at 1-2. The case was dismissed pursuant to *res judicata*. *Id.* at 4. Plaintiff had previously filed a state case regarding his medical care and medical equipment. *Id.* at 2. The state court found that Defendants did not violate the law with respect to Plaintiff's medical care, pain medication, and medical supplies. *Id.*

The state court noted that Plaintiff had been constantly evaluated by medical staff including 25 consultations from September 2022 to February 2023 and eight direct evaluations by medical staff and he received several MRI scans, was being provided pain medication and the medical appliances were properly discontinued. *Id.* All claims were dismissed in the prior federal case because they involved the same cause of action between the same parties that had resulted in a final judgment on the merits in state court. *Id.* at 4.

**C. County Defendant**

To impose municipal liability under *Monell* for a violation of constitutional rights resulting from governmental inaction or omission, a plaintiff must show: "(1) that he possessed a constitutional right of which he or she was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional rights; and (4)

that the policy is the moving force behind the constitutional violation." *Oviatt By and Through Waugh v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992) (quoting *City of Canton v. Harris*, 489 U.S. 378, 389 (1989)) (internal quotation marks omitted).

If a plaintiff cannot identify an unconstitutional policy of the government agency, the plaintiff must "produce evidence creating a triable issue of fact regarding the existence of an unconstitutional practice or custom." *Gordon v. Orange County*, 6 F.4th 961, 974 (9th Cir. 2021) (no custom or practice was shown where the record lacked evidence of any other event involving similar conduct or constitutional violations). "[A] single incident of unconstitutional activity is not sufficient to impose liability under *Monell*." *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823-24 (1985).

Plaintiff does not present sufficient allegations that there was a policy, practice, or custom that was a moving force behind the alleged constitutional violations. He only presents general allegations that he was denied medical care and medical equipment. Plaintiff cannot present a *Monell* claim with his current allegations, and he must provide more information. To establish that the county should be held liable under *Monell*, Plaintiff must identify the rights violated by that agency's policy or practice, provide details on that policy or practice, and explain how the policy or practice specifically caused his injuries. It also appears that his allegations regarding the pain medication may have been caused in part by his hoarding of the medicine and taking more than was prescribed. He should also discuss whether the prescription was changed to liquid form because he was hoarding the medication. The complaint is dismissed with leave to amend to provide additional details and address these issues.

**D. Dr. Hollandberry**

Deliberate indifference to a prisoner's serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976). A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on*

*other grounds*, *WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). A "serious" medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." *Id.* (citing *Estelle*, 429 U.S. at 104). In order to prevail on a claim of deliberate indifference to medical needs, a plaintiff must establish that prison staff knew of the seriousness of those needs and chose a path that was both "medically unacceptable under the circumstances" and in "conscious disregard of an excessive risk to [plaintiff's] health." *Toguchi v. Chung*, 391 F.3d 1051, 1058-60 (9th Cir. 2004).

Plaintiff only presents a few factual allegations against Dr. Hollandberry for actions in 2022 and 2026. The claims are dismissed with leave to amend to provide more information. With respect to 2026, Plaintiff alleges that Dr. Hollandberry changed his medication to the liquid form and it was later discontinued, though he does not say specifically by whom. Dr. Hollandberry then spoke to Plaintiff, and he alleges he was not subsequently provided any medical care by other staff. Plaintiff must present more factual allegations describing Dr. Hollandberry's actions and how she violated his rights, including if she was responsible for stopping his medication, how he knows this information, why it was medically unacceptable to require him to take the medication in liquid form after the hoarding issues described, and why it would be deliberately indifferent to discontinue the medication after his refusal to take it in liquid form for three days. If Dr. Hollandberry was also responsible for denying him other care, surgery, or medical equipment, he must present factual allegations describing her involvement. To the extent that white inmates were provided better care, he must present factual allegations how he was similarly situated to these other inmates and how his care was different due to his race.

Finally, the allegations that occurred in 2022 were already presented in state court and in his prior federal case. Plaintiff must address why the same allegations should not be dismissed for failure to state a claim due to the prior court findings.

## CONCLUSION

The complaint is DISMISSED with leave to file an amended complaint on or before **October 26, 2026**. The amended complaint must include the caption and civil case number used in this order (26-7958 RFL (PR)) and the words FIRST AMENDED COMPLAINT on the first page. <u>The first amended complaint must also appear on this Court's form</u>, a copy of which will be sent to him. Because an amended complaint completely replaces the previous complaints, Plaintiff must include in his amended complaint all the claims he wishes to present and all of the Defendants he wishes to sue. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Plaintiff may not incorporate material from any prior complaint by reference. Failure to file an amended complaint in accordance with this order will result in dismissal of this action under Federal Rule of Civil Procedure 41(b) without further notice to Plaintiff.

It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." He must comply with the Court's orders in a timely fashion or ask for an extension of time to do so. Failure to comply may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: 9/22/2026

RITA F. LIN
United States District Judge